UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT SMALL,

        Plaintiff,

v.                                        Case No. 8:13-cv-02722-EAK-AEP

SEARS, ROEBUCK, AND CO., a Foreign
Profit Corporation, d/b/a SEARS, Store #
1005; and VICTORY LAND GROUP, INC.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Sears, Roebuck and Co.'s Motion for Involuntary Dismissal with Prejudice Based on Plaintiff's Fraud on the Court ("Motion") (Doc. 16), filed on July 1, 2014, and Plaintiff's Notice of Withdrawal of Opposition to Defendant Sears, Roebuck and Co.'s Motion for Involuntary Dismissal with Prejudice Based on Plaintiff's Fraud on the Court ("Notice) (Doc.24), filed on September 9, 2014.[1]

Plaintiff Robert Small was given an opportunity to file a response in opposition to Sears's dispositive motion, but voluntarily filed the Notice of his withdrawal of any opposition to the Motion. Accordingly, the Court considers the Motion as an unopposed motion, and after being fully advised in the premises, recommends granting the Motion.

Upon due consideration of the Motion and Notice before the Court, and for the reasons stated in the Motion, the Court recommends granting the Motion as unopposed.

---

[1] The district judge referred the instant motion to the undersigned for issuance of a Report and Recommendation (Doc. 18). *See* 28 U.S.C. § 636; M.D. Fla. R. 6.01.

Accordingly, it is **RECOMMENDED**:

1. Defendant Sears, Roebuck and Co.'s Motion for Involuntary Dismissal with Prejudice Based on Plaintiff's Fraud on the Court (Doc. 16) be GRANTED.

2. Plaintiff's claims against all defendants be dismissed with prejudice, and that no fees or costs be assessed against Plaintiff in relation to his claims.

3. Upon appropriate request, to be filed within 10 days of the date of this Report and Recommendation, the Court, within its discretion, consider retaining supplemental jurisdiction over the cross-claims in this case (Doc. 3). [1] [2] Doing so would be in the best interest of judicial economy, convenience, and fairness to the litigants, given the procedural posture of the case—namely the time and resources already expended litigating this matter. See 28 U.S.C.A. § 1367; Parker v. Scrap Metal Processors, Inc., 468 F.3d 733, 745-46 (11th Cir. 2006); Maseda v. Honda Motor Co., 861 F.2d 1248, 1254 (11th Cir. 1988) (noting the discretionary nature of retaining ancillary cross-claims lacking independent jurisdictional grounds, when the main diversity claim is dismissed).

**IT IS SO REPORTED** in Tampa, Florida, this 24th day of September, 2014.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

---

[1] While the cross-claims do appear to derive from a common nucleus of operative fact, the cross-claims do not appear to meet the requirements of 28 U.S.C.A. § 1332, because the amount in controversy is less than $75,000 and it appears the parties lack complete diversity. Despite the claims lacking independent jurisdictional grounds, both parties have expressed a desire for the Court to maintain jurisdiction pursuant to 28 U.S.C.A. § 1367.

[2] Also pending in this case is crossclaimant's motion for judgment on the pleadings (Doc. 28). As stated on the record, it appears crossclaim defendant will file a response in opposition within the appropriate time period.

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); M.D. Fla. R. 6.02; *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982) (*en banc*).


cc: Hon. Elizabeth A. Kovachevich
    Counsel of Record